# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION (GREENBELT)

| | |
|---|---|
| JORGE DURAN-QUEZADA <br> 70141 Skyles Way, Apt. T2 <br> Springfield, Virginia 22151-4516 <br><br> CARLOS GALLEGOS <br> 15015 Concord Drive <br> Woodbridge, Virginia 22193-1637 <br><br> MARCELINO MERCADO CASTRO <br> 130 Zimmerman Avenue <br> Bastrop, Texas 78602 <br><br>         Plaintiffs, <br><br> vs. <br><br> CLARK CONSTRUCTION GROUP, LLC <br> 7500 Old Georgetown Road <br> Bethesda, Maryland 20814-6133 <br><br> BALFOUR BEATTY <br> CONSTRUCTION LLC <br> 3100 McKinnon Street, Tenth Floor <br> Dallas, Texas 75201-7007 <br><br> MANGANARO MIDATLANTIC LLC <br> 6405-D Ammendale Road <br> Beltsville, Maryland 20705-1203 <br><br>         Defendants | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No: _____ |

**COMPLAINT FOR BREACH OF THE DAVIS-BACON ACT (DBA), FAIR LABOR STANDARDS ACT (FLSA), CONTRACT WORK HOURS AND SAFETY STANDARDS ACT (CWHSSA), COPELAND "ANTI-KICKBACK" ACT (CA) MARYLAND LABOR & EMPLOYMENT/WAGE AND HOUR LAW, AND BOTH FEDERAL ANTI-RETALIATION LAWS AND MARYLAND'S ANTI-RETALIATION LAWS, DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

COME NOW, the Plaintiffs, Jorge Duran-Quezada, a resident of Springfield, Virginia, Carlos Gallegos, a resident of Woodbridge, Virginia and Marcelino Mercado Castro, formerly a resident of Woodbridge, Virginia, and now a resident of Bastrop, Texas, and former employees of Manganaro Midatlantic LLC (employer and sub-contractor of Clark Construction Group, LLC), Clark Construction Group LLC, and Balfour Beatty Construction LLC (joint venture main contractors), complaining of the Defendants Manganor Midatlantic LLC, Clark Construction Group LLC, and Balfour Beatty Construction LLC doing business at the following addresses: 6405-D Ammendale Road, Beltsville, Maryland 20705-1203, 7500 Old Georgetown Road, Bethesda, Maryland 20814-6133, and 3100 Mckinnon Street, Tenth Floor Dallas, Texas 75201-7007 respectively, and for their Complaint stating as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction because the cause of action is based on violation of the Davis-Bacon Act, 40 U.S.C. § 3141 et seq., the Federal Labor Standards Act, 29 U.S.C.A. § 201 et seq., the Contract Work Hours and Safety standards Act (CWHSSA), 40 U.S.C. § 3701 et seq., Copeland "Anti-Kickback" Act (CA), 40 U.S.C. § 3145 and 18

U.S.C. § 874, and Maryland Labor and Employment /Wage and Hour Law. The defendants are corporations doing business in Maryland.

2. Venue is proper in the US District Court for the District of Maryland, Southern Division in Greenbelt because the defendants are corporations doing business in Prince George's County, Maryland.

### FACTS

3. In and about 2005, Plaintiff Jorge Quezada was employed by Manganaro Midatlantic LLC, and on November 28, 2011, he was terminated by the Defendant. On August 1991, Plaintiff Carlos Gallegos was employed by Manganaro Midatlantic LLC., and on October 8, 2010, he was terminated by the Defendant. On July 26, 2006, Plaintiff Marcelino Mercado Castro was employed by Manganaro Midatlantic LLC, and on April 11, 2012 he was terminated by the Defendant. Collectively, Plaintiffs have worked for the Defendant Manganaro Midatlantic LLC, as their employer for over 31 years (same management, but sometimes under changed name for unknown and unexplained reasons).

4. Plaintiffs worked for the Defendants, on Federal construction projects that Defendants have contracted with the federal Government and its agencies, and funded by the Federal Government. For example, Plaintiffs worked on projects with the Army Core of Engineers at the Fort Belvoir Campus (NCE building), the Food and Drug Administration

(FDA) and the Special Appeals Court building in the District of Columbia (DC). Plaintiffs are all Latinos/Hispanics. Plaintiffs are not literate, and speak limited English language.

5.  Throughout their employment with Defendants, Plaintiffs were classified either as: Foreman, Sub-Foreman, or Carpenter. Despite these different classifications, Plaintiffs were paid same amount of wages. Also, despite the fact that all Plaintiffs worked on same Government projects, on the same campuses, doing the same job, and similarly classified, (e.g. carpenter or foreman or sub-foreman), they received different and inconsistent hourly wages in dollar value, per hours worked. For example, when all Plaintiffs were classified as Foreman, one would be paid $25.00 per hour, another will be paid $24.00 per hour; a Plaintiff classified as sub-foreman on the same job, could see the rate of his hourly rate fluctuate from $24.00 per hour to $22.00 per hour, and vice versa, without any explanation.

6.  Under Federal and State Fair Labor Standards Laws, Plaintiffs are entitled to payment of a certain minimum wage, or "prevailing wages" at all times and for all hours relevantly classified employees, like Plaintiffs worked. Defendants did not pay Plaintiffs the correct minimum/"prevailing wages" that they were entitled to.

7. Under the Davis-Bacon Act (DBA), workers like Plaintiffs, who do the type of work they did for Defendants, on Federal Government and its agencies projects and "directly

on the site of the work" have a right to be paid the "prevailing wages" which includes basic hourly rate (BHR) and fringe benefits (FB). During the periods Plaintiffs worked for Defendants, on Federal construction contracts, Defendants did not at all times comply with the hour and wage provisions of the DBA. They did not pay Plaintiffs the full and correct basic hourly rate. They did not pay all the Plaintiffs fringe benefits, and when they did, it was not the "prevailing rate" as established by the United States Department of Labor Hour and Wage Division.

8. Although Plaintiffs worked on the same projects at certain times, and were similarly classified, some of them were paid fringe benefits while some were not, even though under the Davis-Bacon Act, they were all entitled to basic hourly wages plus fringe benefits. Defendants' payment of fringe benefits to Plaintiffs, when paid, was not consistent. For example, any of the Plaintiffs, working on a particular project, say for weeks, may see a column with pension provision on some of his pay stud/statement for some days or weeks worked and not on other days or weeks, without any explanation.

9.  Under various Federal Fair Labor Standard Laws, and State of Maryland's Labor Standard Laws as listed above-herein, Defendants are obligated to pay workers like Plaintiffs, overtime for hours over 40 hours work week, and at a certain rate. Defendants did not consistently pay Plaintiffs for all overtime worked. Plaintiffs claim that on certain weeks, they worked Monday through Sunday, and clocking up-to twelve (12) of overtime, yet, their pay stub/statements do not reflect or record such hours worked.

Defendants' practice of overtime payment to Plaintiffs is erratic. On some of Plaintiffs' pay stub/statements, total hours worked including hours above 40 hours was paid at the same rate.

10.  Under various Federal Fair Labor Standard Laws, as listed above-herein, Defendants are obligated to pay Plaintiffs at the end of each week for all hours worked during that week. Defendants did not always do this. On some occasions, Plaintiffs received two separate pay slips and pay checks for the same week, at obviously different times and dates, if the creation of two different pay slips and issuance of two different checks with different numbers, for same work week, could be explained.

11. Defendants kick-backed Plaintiffs' wages. Plaintiffs believe that Defendants did not comply with the requirement for submitting weekly "Statement of Compliance" under the Anti-Kickback" (CA) law. Plaintiffs also believe that such Statements of Compliance were in fact, submitted as required of the Defendants, and their contents, must invariably be false, as they certainly do not reflect the information recorded by the Defendants on Plaintiffs' pay slips during the periods they worked for the Defendant and on Federal and Federal Agency construction projects.

12.  Defendants, being Hispanics, illiterate, with minimal command of the English language, and desperate to keep their jobs, which were the only means of fending for their families, did not know, understand or appreciate that their employment rights were

violated. Even when they somehow figured it out, they were afraid to complain, for fear of being terminated and thus, losing their only source of income.

13. Defendants retaliated against Plaintiffs, when Defendants realized that Plaintiffs discovered that they were not paid the appropriate and "prevailing wages" as was required of the Defendants under Federal and State Laws. When they complained, they were retaliated against by termination of their employment, without any explanation even though they have been told on several occasions, that they were doing a good job.

14. Plaintiffs know one another as Latinos, friends, and colleagues. Defendant Manganaro Midatlantic LLC's manager who supervised Plaintiffs Jorge Quezeda and Marcelino Mercado Castro, knew that Plaintiffs knew each other and that they were friends. In 2011, Plaintiff Jorge Quezeda, having found out from Roberto A, Juan-Rivas another colleague, was paid by the Defendants, pension (fringe benefit) in addition to his basic hourly rate, and after finding out that his colleague Mario Gallegos who worked with him on the same project, in the same building and signed in daily at the same place, was making more money than him, he complained to his direct supervising manager. And his manager did not give him any explanation or do anything to correct the situation, assuming it was an oversight or a mistake.

15. After complaining to his manager and waiting to see if his wages will at least correspond to that of his colleague, Plaintiff Jorge Quezeda, complained to the U. S.

Department of Labor. During his telephone conversation with the Department of Labor Official, he was told by the official that his manager will be contacted and the matter put forward to him. After a few days of the Department of Labor Official contacted Quezeda's manager and discussed Quezeda's complaint, and about two weeks after Quezeda first complained to his direct manager, he was called in by his manager and told "I am afraid I am going to have to let you go." When Jorge Quezeda asked his manager to explain to him what he meant by the quoted words, his manager just repeated the words "I am afraid I am going to have to let you go" to him. Because he could not quite understand what his manager was telling him, he reported to work the next day. At that time, he was told he was fired after been told "good job, good job" every day. A few months later, his friend and colleague, Marcelino Mercado Castro was also terminated just as unceremoniously as Quezeda was.

17. Defendants failed to display the Wage and Hour Poster (WH 1321) of Employee Rights in their offices, as is required under the Davis-Bacon Act and the Department of Labor's Wage and Hour Division.

16. Defendants knowingly, willfully, and intentionally violated the provisions of Federal Fair Labor Standard Laws, Maryland Fair Labor Standard Laws/Labor and Employment Laws, and Federal and Maryland State Anti-Retaliation Laws.

Plaintiffs bring forth the following counts and allegations supporting their cause of action:

### COUNT I WILFUL VIOLATION OF 40 U.S.C. §§ 3141- 3144 ET SEQ. AND DBRA 29 C.F.R. § 5

16. Defendants have knowingly, willfully and intentionally violated the provisions of the Federal Fair Labor Standard Act, by not paying Plaintiffs the "prevailing wages" and overtime for work performed, as they are obligated to pay Plaintiffs under the provisions of the Davis-Bacon Act.

### COUNT II WILLFUL VIOLATION OF 29 U.S.C.A. §§ 206, 207, 29 C.F.R. PARTS 778 & 785, AND § 15(a)(3)

15. Defendants have knowingly, willfully and intentionally violated the provisions of the Federal Labor Standard Act (FLSA) by failing to pay Plaintiffs the required minimum wage, prevailing wages, and overtime as they are required to pay Plaintiffs, and for retaliating against them because they complained.

### COUNT III WILLFUL VIOLATION OF CONTRACT WORK HOURS AND SAFETY STANDARDS ACT (CWHSSA), 40.U.S.C. §§ 3701,ET SEQ

16. Defendants have knowingly, willfully and intentionally violated the provisions of the CWHSSA, overtime provisions and have knowingly, willfully and intentionally retaliated

against Plaintiffs by terminating their employment, because they complained to their manager and the Department of Labor.

**COUNT IV WILLFUL VIOLATION OF COPELAND "ANTI-KICKBACK" ACT (CA), 40 U.S.C. § 3145, 18 U.S.C §874 AND 29 C.F.R. PART 3**

17. Defendants have knowingly, willfully and intentionally violated the provisions of U.S. anti-kickback laws, by not paying Plaintiffs the required wages, by filing inaccurate or false "Statement of Compliance," and by retaliating against Plaintiffs because they complained to their manager and the U.S. Department of Labor.

**COUNT V VIOLATION OF MARYLAND LABOR & EMPLOYMENT CODE/WAGE AND HOUR LAW TITLE 3, SUBSECTIONS 4 AND 5**

17. Defendants have knowingly, willfully and intentionally violated Maryland labor laws to the detriment of Plaintiffs, by not paying Plaintiffs the required wage and overtime for many years, by not giving Plaintiffs notice and accurate wage information at the time they were hired, by knowingly giving inaccurate or false "Statement of Compliance," and by retaliating against Plaintiffs because they complained to their manager and the U.S. Department of Labor.

**COUNT VI VIOLATION OF FEDERAL FAIR LABOR STANDARD LAWS AND THE STATE OF MARYLAND'S FAIR LABOR STANDARD LAWS**

.

18. Defendants have knowingly, willfully and intentionally violated both Federal Labor Laws and the State of Maryland Labor Laws, by failing to pay Plaintiffs the required minimum wage, prevailing wages, and overtime as they are required to pay Plaintiffs, by

knowingly giving inaccurate or false "Statement of Compliance," by not giving Plaintiffs notice and accurate wage information at the time they were hired, and for retaliating against them because they complained;

**WHEREFORE, PLAINTIFFS PRAY for judgment against Defendants for:**

- Restitution of all wages and prevailing wages due them that Defendants failed to pay them as required, including fringe benefits, during the years Plaintiffs worked on Government construction projects for the Defendant contractors and sub-contractors;

- Liquidated Damages;

- Attorneys Fees;

- Punitive Damages;

- Permanent Injunction to prevent future practice and

- Other Remedies as the Court deems fit.

.

**DEMAND FOR JURY TRIAL**

TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY.

Respectfully submitted this 8th day October, 2013

/s/ Stephen Christopher Swift
Stephen Christopher Swift, Esq.
Swift & Swift, Attorneys at Law, P.L.L.C.
Suite 200
2121 Eisenhower Avenue
Alexandria, Virginia 22314-4688
Telephone: (703) 418 – 0000
Facsimile: (703) 535 – 8205
E-mail: steve@swift.law.pro
Maryland Federal Bar No. 13,943
*Attorney for Plaintiffs*
*JORGE DURAN-QUEZADA,*
*CARLOS GALLEGOS and*
*MARCELINO MERCADO CASTRO*